NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

GORDON O., KARRIE O., *Appellants*,

*v.*

KILEY O., *Appellee*.

No. 1 CA-JV 20-0230
FILED 12-31-2020

---

Appeal from the Superior Court in Navajo County
No. S0900SV201900023
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

---

COUNSEL

Riggs Ellsworth & Porter, PLC, Show Low
By Michael R. Ellsworth
*Counsel for Appellants*

Weagant Law Office PLC, Florence
By Megan K. Weagant
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1   Gordon O. ("Grandfather") and Karrie O. ("Grandmother") (collectively "Grandparents") appeal the juvenile court's order denying their petition to sever Kiley O.'s ("Mother['s]") parental rights to her minor child, R.B. We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2   R.B. was born in 2009 to Mother and David B., who is not a party to this appeal. R.B. began permanently living with Grandparents, Mother's parents, in August 2018. Mother left R.B. with Grandparents for the last weekend before the start of the 2018-2019 school year. She failed to return by the following Monday, or even communicate with Grandparents about retrieving R.B. Grandparents then filed for temporary legal decision-making authority over R.B., which the Navajo County Superior Court granted. The order permits Mother some parenting time if she complies with urinalysis tests, which Grandparents may request once per week.

¶3   Grandparents filed a severance petition in October 2019, seeking to terminate Mother's parental rights on the grounds of abandonment, neglect, and substance abuse.

¶4   The juvenile court held a one-day termination hearing in May 2020. Grandmother testified that Mother visited R.B. in-person at least four times since January 2019. Grandmother described one of R.B.'s overnight visits with Mother, during Christmas 2019, and how R.B. was happy to receive a present from Mother. Grandmother also stated that Mother could have enjoyed more access to R.B. if she were willing to contact Grandparents. Grandfather also testified, adding that R.B. "seems a lot happier" and is improving at school.

¶5   Mother testified that she routinely requested to see R.B., but Grandparents refused. Mother participated in a rehabilitation program from February to May 2019. Shortly after leaving the program, she lived with Grandparents and R.B. for one week. In October 2019, Mother also saw

R.B. without prior approval when Grandparents permitted Mother's ex-husband Greg O. (father of Mother's other child) to have R.B for Halloween.

**¶6**        The juvenile court ruled that Grandparents failed to prove any asserted ground by clear and convincing evidence. Grandparents timely appealed, challenging only the court's ruling on abandonment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**        To prevail on their petition to terminate Mother's parental rights based on abandonment, Grandparents had to prove that ground by clear and convincing evidence. *See Michael J. v. Ariz. Dep't. of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). Though we review issues of statutory interpretation *de novo*, we view the facts in the light most favorable to sustaining the superior court's denial of a motion to terminate parental rights and review that ruling for an abuse of discretion. *Kenneth B. v. Tina B.*, 226 Ariz. 33, 36, ¶ 12 (App. 2010).

**¶8**        Grandparents argue the juvenile court abused its discretion by finding that Mother did not abandon R.B. *See* A.R.S. § 8-533(B)(1). Abandonment is:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1).

**¶9**        We do not measure abandonment by a parent's subjective intent, but by the parent's conduct. *Michael J.*, 196 Ariz. at 249, ¶ 18. Grandparents contend Mother's conduct does not amount to "regular contact" because Mother has only visited R.B. five times since 2019. What constitutes regular contact varies from case to case. *Pima Cnty. Juv. Action No. S-114487*, 179 Ariz. 86, 96 (1994).

¶10        The parties presented conflicting testimony regarding the frequency of Mother's efforts to call, text message, or visit R.B. But Grandmother testified Mother visited R.B. at least four times during 2019. Mother also spent at least one week with R.B., living in Grandparents' home, when she left her rehab program in May 2019. And Grandmother described one of Mother's attempts to see R.B. on Halloween, albeit against the temporary legal decision-making order.

¶11        The juvenile court determined Mother provided no normal supervision for a period of two years. The court also found that Mother's contact with R.B. was regular and she made efforts to establish and strengthen her maternal bond with R.B. But the juvenile court noted that Mother's ability to maintain a relationship with R.B. "was probably more through the efforts of [Grandparents] and [R.B.] than Mother." The statute does not distinguish between contact initiated by a child, parent, or third party, when determining whether the parent maintained requisite contact to avoid an abandonment finding. *See* A.R.S. § 8-533(B)(1). Grandparents essentially ask us to reweigh the evidence and reach a new conclusion. We decline to do so. *See Joelle M. v. Dep't of Child Safety*, 245 Ariz. 525, 528, ¶ 18 (App. 2018). The record contains reasonable evidence to support the juvenile court's findings and we find no abuse of discretion.

**CONCLUSION**

¶12        We affirm.

